Filed 12/9/21  P. v. Contreras CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCOS ANTHONY CONTRERAS,<br><br>    Defendant and Appellant. | B311469<br><br>(Los Angeles County<br>Super. Ct. No. TA068469) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Marcos Anthony Contreras appeals from an order denying his petition for resentencing under Penal Code[1] section 1170.95. Our independent review of the record shows no arguable appellate issues.

## BACKGROUND

In 2007, a jury convicted Contreras of one count of first degree murder (§ 187, subd. (a)) and five counts of attempted murder (§§ 664, 187, subd. (a)) after he participated in a gang-related drive-by shooting that resulted in the death of seven-year-old Horace Ferguson. The trial court sentenced Contreras to a term of 75 years to life in prison. A different panel of this Division affirmed the judgment with directions to correct the abstract of judgment in 2008. (*People v. Contreras* (Feb. 19, 2008, B197761) [nonpub. opn.].)

On June 8, 2020, Contreras petitioned for resentencing pursuant to section 1170.95. He alleged that he was charged and convicted under a theory of felony murder or murder under the natural and probable consequences doctrine, and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437. The trial court denied the petition on March 1, 2021, finding that the jury must have concluded that Contreras acted with the intent to kill. Thus, Contreras could still be convicted of murder under section 188 or 189 as amended by Senate Bill No. 1437. Contreras appealed.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

After review of the record, Contreras's court-appointed counsel filed an opening brief that raised no issues and requested that we conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Contreras's counsel advised him that he had 30 days to submit a supplemental brief with any additional contentions or argument and that he may request this court to relieve present counsel. Contreras did not file a supplemental brief.

The jury was not instructed with the felony murder or natural and probable consequences theories of liability. Rather, the People pursued a malice murder with the intent to kill and a provocative act theory of liability. The jury convicted Contreras of first degree murder based upon a malice murder with the intent to kill theory of liability because it also found Contreras guilty of five counts of willful, deliberate, and premeditated attempted first degree murder based on an aiding and abetting theory which required a finding that Contreras acted with the specific intent to kill. Further, the jury rejected the provocative act theory of liability because it found that the principal in the crime, Contreras's fellow gang member, shot and killed the victim. As such, Contreras was convicted of first degree murder under a specific intent to kill theory which was also willful, deliberate and premeditated and thus was ineligible for relief under section 1170.95.[2]

---

[2] Nor was the jury instructed on a natural and probable consequences theory of attempted murder, thus the newly enacted Senate Bill No. 775 would not apply.

3

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us.  (*People v. Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


WINDHAM, J.[*]


We concur:



LAVIN, Acting P. J.



EGERTON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.